IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>DELORES L. BROWN,<br><br>    Debtor. | Case No. 22-20924-DEB<br>Chapter 13 |
| DELORES L. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., AS TRUSTEE FOR BC4B GRANTOR TRUST 2016-1 and/or BAYVIEW OPPORTUNITY MASTER FUND IVB GRANTOR TRUST 2018-RN6; ARGOLIAN, LLC; AND LAND HOME FINANCIAL SERVICES, INC.,<br><br>    Defendants. | Adversary No. 23-00021 |

**LAND HOME FINANCIAL SERVICES, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Argolica, LLC ("Argolica"), improperly named in the Complaint as Argolian, LLC, and files this Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

In this action, Plaintiff/Debtor Delores Brown (through her attorney-in fact Pamela Brown), is challenging the validity of a deed of trust (the "Deed of Trust") encumbering the property at 4441 Windward Drive, Memphis, Tennessee 38109. The Deed of Trust was signed by the Plaintiff and her husband, Joe Brown. *See* [Doc. 7] at ¶ 20. The Plaintiff alleges various

1

issues with the origination of the loan and disputes ever receiving the money for the loan, and seeks a "Declaratory Judgment denying the validity and enforceability of the purported Note and Deed of Trust." *Id.* at p. 8 The specific facts behind that dispute are not relevant to this motion.[1] Instead, what is relevant is that the Plaintiff never alleges that Loan Home holds the subject deed of trust or underlying promissory note. Instead, she alleges only that Land Home is the current loan servicer. *See id.* at ¶ 37. Moreover, the Plaintiff never even names the current assignee of the deed of trust.

In the Complaint, the Plaintiff contends that the last assignment of the deed of trust was from Alaska Louisiana Partners to Argolian, LLC on January 13, 2021. *Id.* at ¶ 36. However, this is not correct. The assignment, as evidenced by the deed records, was actually to Argolica. A true and correct copy of that assignment is attached hereto as **Exhibit "A"**. Moreover, Argolica thereafter assigned the deed of trust to Limosa, LLC on January 19, 2021, pursuant to the Assignment of Deed of Trust recorded as Instrument Number 21007166, Register's Office of Shelby County, Tennessee. A true and correct copy of that assignment is attached hereto as **Exhibit "B"**. Since the Plaintiff cannot obtain any relief against a party who does not purport to currently hold the note and deed of trust and has not named the party that is the current assignee, the Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] It should be noted, however, that the Plaintiff is wrong that "Attorney Webb A. Brewer represents JOE BROWN and DELORES BROWN in the Petition for Declaratory and Injunctive relief filed in the Chancery Court of Shelby County, Tennessee, bearing Docket No. CH-20-0641 and continues to represent the parties in the matters against the Defendants." [Doc. 1] at ¶ 5. That case was removed to the U.S. District Court for the Western District of Tennessee and voluntarily dismissed without prejudice on April 15, 2021. *See Brown v. U.S. Bank*, No. 2:20-cv-02406-SHL-tmp, [Doc. 31] (W.D. Tenn. April 15, 2021). Webb Brewer purports to be co-counsel in the instant case, but the Plaintiff/Debtor has never moved to have his employment approved pursuant to 11 U.S.C. § 327(a).

In addition to failing to state a claim, this case is also subject to dismissal because the Plaintiff has made no attempt to serve Argolica or any other defendant in this case. This case was initially filed on February 25, 2023, with the summonses being issued on February 28, 2023. *See* [Doc. 3]. Those summonses were never served with the Complaint, and the summonses were re-issued on April 18, 2023. [Doc. 8]. There is no indication that these summonses were ever served, and they are now stale. The Plaintiff should not get a third bite at the apple and this case should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    FAILURE TO SERVE THE SUMMONS AND COMPLAINT**

As detailed above, the Plaintiff has now had summonses issued twice and both times failed to serve them. "The burden is on the plaintiff to exercise reasonable diligence to perfect service of process after the filing of the complaint, [cit.], and the burden is also on him to establish that proper service has been made, [cit.]." *Meredith v. Bush*, 90 F.R.D. 512, 513 (E.D. Tenn. 1981) (citations omitted); *see also Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 505 (6th Cir. 2017) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). The Federal Rules of Civil Procedure provide for dismissal if service is not completed within 90 days after the complaint is filed unless the court, on its own, "order[s] that service be made within a specified time" or the "plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Rule 4(m) applies in adversary proceedings. *See* Fed. R. Bankr. P. 7004(a)(1).

Here, the Plaintiff has seemingly made no attempts whatsoever to serve the summonses and Complaint upon the various defendants, as no returns of service have been filed. In fact, the re-issued summonses appear to have been issued *sua sponte* by the clerk and not due to any requests from the Plaintiff (as no such request appears on the docket). The 90-day period expires

3

on May 28, 2023, and it seems likely that the Plaintiff will not be able to meet that deadline, as new summonses will need to be issued and served before that date. Provided that service is not completed by May 28, 2023, this Court should dismiss this case for lack of personal jurisdiction and insufficient service of process.

**B.      FAILURE TO STATE A CLAIM**

      **1.      Standard of Review**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

      **2.      Argolica is not the current assignee of the Deed of Trust**

As the facts in the Complaint and the deed records show, Argolica is the prior assignee of the subject deed of trust. There are also no facts showing that it purports to currently hold the promissory note. This case is essentially an action on a contract and whether it can be enforced, and thus only those in purported privity are proper parties. *See O'Connel v. Seterus, Inc.*, No. 13-

cv-02916-SHL-dkv, 2015 WL 11117943, at *1-2 (W.D. Tenn. March 27, 2015) (granting motion to dismiss breach of contract claim against loan servicer because they were not in privity with borrowers). Moreover, the party that does claim to be in privity – Limosa, LLC – is not named in this action. This Court cannot grant any relief to the Plaintiff without Limosa, LLC being named a party, as it would be a clear violation of its due process rights. *See Lee v. Select Portfolio Servicing, Inc.*, No. CV 2:19-140, 2020 WL 4505535, at *4 (S.D. Ga. Aug. 5, 2020) (citations omitted) ("If the Court were to declare void the lien of a party not before it, the Court would violate the party's right to due process."). Thus, the Plaintiff has failed to state a claim against Argolica and it should be dismissed from this action.

## CONCLUSION

Based on the foregoing, Argolica respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 22nd day of May, 2023.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)
> **RUBIN LUBLIN TN, PLLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, Georgia 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Argolica, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of May, 2023, I filed the within and foregoing via CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)

Case 23-00021 Doc 18-1 Filed 05/22/23 Entered 05/22/23 20:29:05 Desc Exhibit A in Support of Motion to Dismiss Page 7 of 13

EXHIBIT A

# Shelby County Tennessee

## Shelandra Y Ford

Shelby County Register

As evidenced by the instrument number shown below, this document has been recorded as a permanent record in the archives of the Office of the Shelby County Register.

```
              21007165
      01/20/2021 - 09:21:30 AM
3 PGS
LACI    2158305-21007165
```

| | |
|---|---:|
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| EFILE FEE | 2.00 |
| TOTAL AMOUNT | 19.00 |

SHELANDRA Y FORD
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station, Suite W165 ~ Memphis, Tennessee 38134 (901) 222-8100
Website: www.register.shelby.tn.us Email: register@shelbycountytn.gov

307491
Recording requested by, return to,
Prepared by:
Tor Midtskog
Weinstein & Riley, P.S.
2001 Western Avenue, Suite #400
Seattle, WA 98121

## ASSIGNMENT OF DEED OF TRUST

**ALASKA LOUISIANA PARTNERS, A LIMITED PARTNERSHIP, AN ALASKA LIMITED PARTNERSHIP**, whose address is 323 Fifth Street, Eureka, CA 95501 hereby conveys, assigns, and transfers to **ARGOLICA, LLC**, whose address is 2003 Western Avenue, Suite #340, Seattle, WA 98121, its successors and/or assigns, all right, title and interest together with all moneys due or to become due and all rights accrued or to accrue under that certain Deed of Trust executed by **Joe W. Brown and Delores L. Brown** to **CitiFinancial Services, Inc.** for **$87,387.61** dated **04/02/2008** and recorded on **04/03/2008** in Document **08043987** of the Records of **SHELBY** County, **TN**

Legal Description:
Lot 40, First Addition to Park Hills Subdivision, as shown on plat of record in Plat Book 23, Page 6, in the Register's Office of Shelby County, Tennessee, reference to which plat is hereby made for a more particular description of said lot.

**Property Address: 4441 WINDWARD DR, MEMPHIS, TN 38109**
**Parcel ID: 076035 00137**

Maximum principal indebtedness for Tennessee recording tax purposes is - $0 – (zero dollars)

Dated 1/13, 2021

**ALASKA LOUISIANA PARTNERS, A Limited Partnership, An Alaska Limited Partnership
By ALASKA LOUISIANA NEWCO, LLC, An Alaska Limited Liability Company, its General Partner, By SECURITY NATIONAL MASTER MANAGER, LLC, its Manager**

_____
Name: Robin P. Arkley II
Title: President

### NOTARY ACKNOWLEDGMENT IS ON FOLLOWING PAGE

1

## ACKNOWLEDGMENT

State of Louisiana

§

Parish of East Baton Rouge

On Jan. 13, 2021 before me, John E. Clark, Notary Public, personally appeared Robin P. Arkley II, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

_John E. Clark_
Notary Public:
My Comm. Expires: At death

2

# TRUE COPY CERTIFICATION

I, Tor R Midtskog, do hereby make oath that I am a custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

Signature: _____

State of WASHINGTON

County of KING

Personally appeared before me, Pilar Barton, a Notary Public for this county and state, Tor R Midtskog who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

Notary's Signature: _____

My Commission Expires: Feb. 3, 2021

Notary's Seal:



**EXHIBIT B**

# Shelby County Tennessee

## *Shelandra Y Ford*

### Shelby County Register

As evidenced by the instrument number shown below, this document has been recorded as a permanent record in the archives of the Office of the Shelby County Register.

```
                    21007166
          01/20/2021 - 09:21:30 AM
2 PGS
LACI    2158305-21007166
```

| | |
|---|---:|
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 10.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| EFILE FEE | 2.00 |
| TOTAL AMOUNT | 14.00 |

**SHELANDRA Y FORD**
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

Recording requested by, return to,
Prepared by:
Tor Midtskog
Weinstein & Riley, P.S.
2001 Western Avenue, Suite #400
Seattle, WA  98121

## ASSIGNMENT OF DEED OF TRUST

**ARGOLICA**, 2003 Western Avenue, Suite #340, Seattle, WA  98121 hereby conveys, assigns, and transfers to **LIMOSA, LLC**, 2003 Western Avenue, Suite #340, Seattle, WA  98121, its successors and/or assigns, all right, title and interest together with all moneys due or to become due and all rights accrued or to accrue under that certain Deed of Trust executed by **Joe W. Brown and Delores L. Brown** to **CitiFinancial Services, Inc.** for **$87,387.61** dated **04/02/2008** and recorded on **04/03/2008** in Document **08043987** of the Records of **SHELBY** County, **TN**

Legal Description:
Lot 40, First Addition to Park Hills Subdivision, as shown on plat of record in Plat Book 23, Page 6, in the Register's Office of Shelby County, Tennessee, reference to which plat is hereby made for a more particular description of said lot.

Property Address: 4441 WINDWARD DR, MEMPHIS, TN 38109
Parcel ID: 076035 00137

Maximum principal indebtedness for Tennessee recording tax purposes is - $0 – (zero dollars)

Dated: January 19, 2021         **ARGOLICA, LLC**

                                _____
                                Name: ROGER T SHADDUCK
                                Title: TRANSACTION MANAGER

**State of WASHINGTON**
**County of KING**

On  January 19, 2021 before me, MALENA MAGALLANEZ, Notary Public, personally appeared ROGER T SHADDUCK, Authorized Representative of Argolica, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____
Notary Public: Malena Magallanez
My Commission Expires: 06-29-2023

1

# TRUE COPY CERTIFICATION

I, Tor R Midtskog, do hereby make oath that I am a custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

Signature: _____

State of WASHINGTON

County of KING

Personally appeared before me, Pilar Barton, a Notary Public for this county and state, Tor R Midtskog who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

Notary's Signature: _____

My Commission Expires: Feb. 3, 2021

Notary's Seal:

