# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In Re:  DELORES L. BROWN | ) | Case No.  22-20924- DEB |
| | ) | |
| | ) | |
| **Debtor** | ) | Chapter 13 |

| | | |
|---|---|---|
| **DELORES L. BROWN,** | ) | |
| **by and through her Attorney-in-Fact,** | ) | |
| **Pamela Brown** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Adversary Complaint No. -23-00021** |
| | ) | |
| U.S. BANK, N.A., as Trustee for | ) | |
| | | |
| **Bayview Opportunity Master Fund IVB** | ) | |
| **Grantor Trust 2018-Rn6; ARGOLIAN,** | ) | |
| **LLC; and LAND HOME FINANCIAL** | ) | |
| **SERVICES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF/ DEBTORS' RESPONSE IN OPPOSITION TO DEFENDANT LAND HOME FINANCIAL SERVICES, INC.'S MOTION TO DISMISS

Come now the Plaintiff/Debtor, DELORES L. BROWN, and file her response to Defendant Land Home Financial Service's Motion to Dismiss pursuant to Rule 12 (b)(2),(5), and (6) of the Federal Rules of Civil Procedure.

1

**Statement of Facts**

Plaintiff, through her daughter and Attorney-in-Fact, Pamela Brown, has brought this action for Declaratory and Injunctive Relief asking the Court to determine the validity of an alleged loan agreement and Deed of Trust executed on or about April 2, 2008, and to clarify the rights of the parties to collect payments from the Petitioner and/or to exercise the Power of Sale clause in the Deed of Trust with respect to her residence located at 4441 Windward Drive, Memphis, Tennessee 38109[1]. (Adversarial Complaint, p. 1-2).

The Plaintiff, who is elderly, and her late husband purchased the property at (Adversarial Complaint, p. 3). The Plaintiff alleges that Mr. Brown went to a CitiFinancial storefront office on Elvis Presley Boulevard in Memphis, in or around 2008 where he had made several small consumer loans, and was convinced to sign loan documents for an $80,000 loan to be secured by the Property. The purchase money mortgage loan had been satisfied and released by that time. (Adversarial Complaint, p. 3-4). Mr. Brown apparently signed a "Disclosure Statement, Note and Security Agreement" on April 2, 2008, calling for a loan in the principal amount of $87,387.61, including a "service charge" of $2,255.34.

---

[1][1] The Chapter 13 case and the Adversary Complaint were filed on behalf of Delores Brown, by Pamela Brown .as Attorney-in-Fact for both of her parents. Mr. Brown has recently died.

The Plaintiff alleges that Mr. Brown never received loan proceeds from the transaction. She also alleges a large number of other irregularities associated with the transaction. Among them are the fact that the CitiFinancial representative apparently blatantly violated Regulation Z of the Federal Truth in Lending Act by failing to provide required disclosures and recording the Deed of Trust with the Shelby County Register of Deeds the day after the Security Agreement was signed, depriving the Browns of the three-day Right of Rescission to which borrowers in non-purchase money mortgage loan were entitled under Regulation Z. (Adversarial Complaint, p. 4).

Another irregularity related to this purported loan transaction is the subsequent history of assignments and transfers. On June 29, 2015 an Affidavit of Lost Note was executed by Cassie Fancher, who states that she is Vice President-Document Control of CitiMortgage, Inc. The Affidavit goes on to state that the original Note had been transferred to CitiFinancial Servicing, LLC sometime after April 2, 2008, but had been lost. (Adversarial Complaint, p. 5). In correspondence dated April 26, 2017, Bayview Loan Servicing, LLC advised Mr. Brown of a "change of creditor" and that the new creditor was U.S. Bank, N.A. as Trustee for CB4b Grantor Trust 2016-Approximately five months later, Bayview Loan Servicing, LLC stated in correspondence that the owner of the alleged mortgage loan is U.S. Bank, N.A. as Trustee for Bayview Opportunity Master Fund IVB Grantor

3

Trust 2018-Rn6. (Adversarial Complaint, p. 5). Subsequent to this there have been at least nine transfers of the Deed of Trust; many of the transfers came in a short period of time, between companies with similar names; and some that shared the same address. (Adversarial Complaint, pp. 5-6). The Complaint alleges seven transfers of the Deed of Trust that is the subject of this litigation between March 29, 2018 and January 13, 2021

Despite the history set out above, different entities in the chain of assignment have attempted to take the Browns' home of fifty years through foreclosure. The most recent attempt led to the filing of the Plaintiff's current Chapter 13 case.

## Argument

### A. Service of Process

Defendant Land Home first argues that this action should be dismissed because of failure to accomplish service of process under Rule 4 of the Federal Rules of Civil Procedure. As noted in the Motion, the Adversary Complaint was filed on February 24, 2023, and summonses were issued on February 28, 2023 and mailed to Defendants. However, the certificate of service was not filed with the Court. A Pretrial Conference was held by the Court on April 18, 2023, at which time the Court noted that service of process had not been accomplished. At that time, the hearing was adjourned and rescheduled for June 13, 2023. The Court instructed counsel to attempt to complete the service before the rescheduled Pretrial Conference.

Mindful of the Court's instruction, Plaintiff's bankruptcy counsel caused the summonses to be re-issued on the same date, April 18, 2023. Plaintiff's bankruptcy counsel then initiated service of the Adversary Complaint and Summonses on this Defendant via certified mail, return receipt requested. Service was complete on Defendant, Argolian, LLC, on April 28, 2023 (Adv. Doc. 21); and the service for Land Home Services shows "in transit". However, counsel for Land Home Services has made an appearance by the filing of its motion to dismiss.

Rule 4 of Fed. R Civ. P, which applies to adversary proceedings pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure, provides that service must be accomplished within ninety days of issuance or dismissed without prejudice unless the Court orders a different time, or the Plaintiff shows good cause for failure to do so.

It is arguable that the Court ordered a different time for accomplishing service in the Pretrial Conference on April 18, 2023, and the Plaintiff urges the Court to decline to dismiss the case as to this Defendant and to permit the case to proceed as to Land Home.

**B. <u>Failure to State a Claim</u>**

In, *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556,* (2007)the U.S. Supreme Court set out the standard in determining a motion to dismiss as requiring a statement of fact that is plausible on its face. ' The Federal Rules of Civil Procedure

do not require a claimant to set out in detail all the facts upon which he bases his claim.'" *Carbon Processing,* 694 F. Supp. 2d at 902. "Plausibility" is not intended to be an onerous or a heightened requirement, rather, it "comports with [the Supreme] Court's statements in the years since [1957]." *Twombly* at 563 n. 8 (2007). The Supreme Court confirmed after *Twombly* that "[t]he plausibility 02916*1937, 1949* (2009) (quoting *Twombly,* 550 U.S. at 556). Rather, it only requires enough allegations to support a "reasonable inference" of "an entitlement to relief". *Id* at 1949-50.

As an initial matter, Land Home has gone outside the Complaint to make its argument for dismissal under Rule 12 (b)(6) and therefore the Motion should be treated as a Motion for Summary Judgment pursuant to Rule 56 of Fed. R. Civ. P. Rule 12(d) of Fed. R. Civ. P. provides:

> Result of Presenting Matters Outside the Pleadings. If on a motion under Rule 12 (b) (6) or 12 (c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Land Home's argument for dismissal for failure to state a claim relies exclusively on the district court case of *O'Connell v. Seterus, Inc.*, No. 13-cv- 02916-SHL-jkv2015 WL 11117943 (W.D. Tenn, March 27, 2015). That case held that the plaintiff could not maintain a breach of contract action against a loan servicer for breach of contract because they were not in privity of contract with the loan servicer.

6

That case is quite distinguishable from the instant case in that case seeks declaratory and injunctive relief rather than damages for breach. In fact, Land Home may be a necessary party under Rule 19 in this case.

Land Home then argues that the Plaintiff cannot get any type of relief because she has not named the current owner of the loan in question because it would violate the rights of the true owner to adjudicate the issues raised without the presence of the purported owner. As set out above, there has been a confusing history of assignments of the alleged loan documents in this case. If it turns out that the current holder of the purported loan is not before the Court, the appropriate remedy would be joinder or substitution of that party.

## Conclusion

For all the foregoing reasons, the Plaintiff/ Debtor respectfully requests that the Court deny Land Home's Motion to Dismiss and allow this action to proceed against it.

Respectfully Submitted,

s/ Webb A. Brewer
Webb A. Brewer
**THE LAW OFFICES OF WEBB A. BREWER**
**AIRWAYS PROFESSIONAL CENTER**
**3385 AIRWAYS BLVD, SUITE 225**
**MEMPHIS, TN 38116**
(901) 757-3358
(901) 757-3360
WEBBBREWER@COMCAST.NET

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2023 I have filed the foregoing Response via the CM/ECF system, which will serve notice on all parties.

/s/ Michael Don Harrell