# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>DELORES L. BROWN,<br><br>    Debtor. | Case No. 22-20924-DEB<br>Chapter 13 |
| DELORES L. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., AS TRUSTEE FOR BC4B GRANTOR TRUST 2016-1 and/or BAYVIEW OPPORTUNITY MASTER FUND IVB GRANTOR TRUST 2018-RN6; ARGOLIAN, LLC; AND LAND HOME FINANCIAL SERVICES, INC.,<br><br>    Defendants. | Adversary No. 23-00021 |

**LAND HOME FINANCIAL SERVICES, INC.'S AND ARGOLICA, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS TO DISMISS**

COMES NOW, Land Home Financial Services, LLC ("Land Home") and Argolica, LLC ("Argolica"), improperly named in the Complaint as Argolian, LLC, and file this Reply to the Plaintiff's Responses [Docs. 23, 24][1] to their Motions to Dismiss [Docs. 15, 18], respectfully showing this Honorable Court as follows:

---

[1] The Responses were signed by Webb Brewer. Land Home and Argolica reiterate that Mr. Brewer has never been approved to represent the Debtor pursuant to 11 U.S.C. § 327(a).

1

## ARGUMENT AND CITATION OF AUTHORITY

A.    **SERVICE OF PROCESS WAS IMPROPER**

In Land Home's and Argolica's Motions to Dismiss, it was argued that service of process was insufficient and this Court lacks personal jurisdiction over them. In response, the Plaintiff tried to argue that she served Argolica on April 28, 2023. *See* [Doc. 24] at p. 5. With respect to Land Home, she says that "the service for Land Home Services shows 'in transit'" but claims that does not matter since "counsel for Land Home Services has made an appearance by the filing of its motion to dismiss." The Plaintiff is simply wrong on all accounts.

First, regardless of any other deficiencies with service, the Plaintiff filed a Certificate of Service on Argolica stating that service was mailed out on April 28, 2023. [Doc. 21]. However, the summons that was purportedly mailed was issued on April 18, 2023. [Doc. 8]. Pursuant to Fed. R. Bankr. P. 7004(e), "[i]f service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued." The Plaintiff here waited ten days to attempt service. Failure to abide by the seven-day time limit renders service deficient. *See Johnson v. Smith*, 835 F. App'x 114, 115-16 (6th Cir. 2021); *Ripa v. Perfetti (In re Perfetti)*, No. 19-1182-ABA, 2020 WL 917251, at *5 (Bankr. D.N.J. Feb. 25, 2020). Thus, for this reason alone, service of process was improper.

Even if the summonses had been timely mailed, service would still be improper. Service appears to have been attempted under Tennessee law, since Fed. R. Bankr. P. 7004 does not provide for service by *certified* mail and Washington (where service was attempted on Argolica) does not allow for service by mail. *See* Wash. Super. Ct. R. 4(d)(2). Under Tennessee law. service by certified mail to an out-of-state limited liability company, like Argolica, "shall be addressed to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by law to receive service on behalf of the partnership or

association." Tenn. R. Civ. P. 4.05(4). For a corporation like Land Home, it "shall be addressed to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.05(3). Service by certified mail is not complete until the appropriate addressee refuses to accept delivery (then service is complete upon mailing) or until actual receipt by the correct addressee (then service is complete upon receipt). Tenn. R. Civ. P. 4.05(5)-(6).

Here, the Plaintiff filed two Certificates of Service, with one being for Argolica (named Argolian in the summons) and one for U.S. Bank (which is not a party to any motion). The Argolica Certificate of Service shows it was not addressed to any of the appropriate recipients required by Tennessee law, and was addressed only generally to "Argolian, LLC.". *See* [Doc. 21] at p. 2. This failure renders service of process deficient. *See Collins v. Waste Mgmt.*, No. 17-2704-SHL-DKV, 2017 WL 6947871, at *3 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018). As for Land Home, the Plaintiff did not file the correct Certificate of Service, but admitted that it was never delivered or refused, simply that it is lost "in transit" with the post office. *See* [Doc. 23] at p. 5. While the Plaintiff seems to think that Land Home waived service of process by making an appearance by filing its Motion to Dismiss, one does not waive service by filing a motion to dismiss that specifically contests service. *See Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023) (citations omitted); Fed. R. Civ. P. 12(b), (h). Since Land Home has never received proper service of process and has not waived its right to assert the defense of insufficient service of process and lack of personal jurisdiction, the Plaintiff's arguments should be rejected. This Court should

3

dismiss Argolica and Land Home from this case for insufficient service of process and lack of personal jurisdiction.

## CONCLUSION

Based on the foregoing, Argolica and Land Home respectfully renew their request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 12th day of June, 2023.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR # 31643)
>**RUBIN LUBLIN TN, PLLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, Georgia 30071
>(678) 281-2730 (Telephone)
>(470) 508-9203 (Facsimile)
>bchaness@rlselaw.com
>
>*Attorney for Argolica, LLC and Land Home Financial Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2023, I filed the within and foregoing via CM/ECF, which will serve notice on all parties.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR # 31643)

4